UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| JOHN POULLARD | CIVIL ACTION NO. 05-1019-P |
| versus | JUDGE STAGG |
| KATHLEEN BLANCO, ET AL. | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

**Motions to Dismiss**

Several of the defendants have filed a Motion to Dismiss (Doc. 63) on the grounds that Plaintiff's allegation of poverty in his application to proceed in forma pauperis is untrue. Two other Defendants filed a motion (Doc. 81) that adopted the argument. The moving Defendants submit evidence to indicate that Plaintiff received $129,000 on December 2, 2002 and, two days later, issued a check for $125,000 payable to his brother. Since that time, Plaintiff's inmate account balance has remained fairly low, but deposits have been made periodically by Plaintiff's sisters and other friends or relatives. Defendants urge that there is no indication as to why Plaintiff transferred the bulk of his money to his brother, so the court should dismiss the case under the authority granted by 28 U.S.C. § 1915(e)(1)(A) when an allegation of poverty is untrue or, in the alternative, reconsider Plaintiff's pauper status.

Plaintiff's response to the motion includes an affidavit in which he testifies that he gave the money to his brother to be used to help his mother and other family members. Plaintiff reports that his brother told him that he saved $24,000 for Plaintiff, but the funds

have been put on hold by the IRS. Plaintiff testifies he does not know if that is true because his brother has stopped communicating with him. He denies access to those funds or any other significant funds.

The **Motions to Dismiss (Docs. 63 and 81)** are **denied without prejudice**. The court is unable to resolve the factual disputes surrounding Plaintiff's financial status without an evidentiary hearing. If a hearing or trial on the merits or other issues should become necessary, the issues raised in the motion will also be addressed at the hearing. If the facts found by the court show that Plaintiff's sworn assertion of poverty was untrue, the case will be subject to dismissal at that point without the need for further proceedings. The defense raised in the motion is preserved for all defendants, but the defense may not be determined with finality at this stage of the case.

In the meantime, the court intends to move forward with the disposition of this case in a timely manner. Plaintiff's repetitive filing of requests for preliminary injunction and other submissions will do nothing but delay a decision on this case. If he and the defendants will adhere to the schedules and deadlines set forth below and not unduly complicate the proceedings, the case may be resolved quickly and efficiently.

**Service Issues**

It appears that all Defendants except Brett Carver and Dr. Gallock have now been served with (at least) the original complaint. The summons for Dr. Gallock was returned unexecuted, with a remark: "No doctor of that name works in clinic or hospital. Person does

not exist at this hospital." The return for Brett Carver indicates that Carver was not served because: "In NY." It is not clear whether Carver was merely visiting New York at the time or if he has moved there.

The court is obligated to appoint the Marshal to make service for plaintiffs who proceed in forma pauperis, but the plaintiff is responsible for providing the court with the correct name and address for service of the persons whom he wishes to sue. Accordingly, all claims against Dr. Gallock and Brett Carver will be subject to dismissal unless Plaintiff provides by **February 28, 2006** correct information for service on Gallock and Carver, together with copies of the complaint and its amendments, completed summonses, USM-285 forms, and any other paperwork required by the Clerk and Marshal for service.

**Schedule**

Now that Defendants' original Motions to Dismiss have been addressed, any Defendant who has been served should file by **February 28, 2006** an **answer or other response** to the complaint and its amendments (filed at Docs. 45 and 60).

All parties may, if desired, commence **discovery** immediately, and all discovery should be completed by **March 24, 2006**.

Thereafter, if deemed appropriate, any party may file a **motion for summary judgment** or other dispositive motion by **April 21, 2006**. Any party who does not file a motion for summary judgment or other dispositive motion shall file, by the same date, a **Statement of Issues** that enumerates each genuine issue of material fact perceived by that

party to be relevant to this civil action. If any issues remain unresolved after any motions are ruled on, the court will issue a schedule to obtain pretrial statements (including witness and exhibit lists) from all parties, and a date will thereafter be set for the jury trial prayed for by Plaintiff.

Plaintiff must obtain leave of court prior to filing any additional amendments to the complaint. The court notes that any such amendments, as well as repetitive requests for preliminary injunctive and other relief, will serve only to delay a final resolution of the merits of Plaintiff's claims.

All filings by the parties must include a certificate of service that indicates that a copy of the filing was furnished to all other parties or their counsel, and the certificate should specifically state the name and address of each party or attorney to whom a copy of the pleading was sent.

All parties have the responsibility of promptly reporting to the court and to all other parties any change in their mailing address. Failure to do so shall be considered grounds for dismissal or other appropriate sanction. See Local Rules 11.1(A)(W) and 41.3(W).

THUS DONE AND SIGNED at Shreveport, Louisiana, this 27th day of January, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE