U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 2 2006

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

JOHN POULLARD

versus

KATHLEEN BLANCO, ET AL.

CIVIL ACTION NO. 05-1019
JUDGE TOM STAGG

## MEMORANDUM RULING

Before the court is a motion for partial summary judgment filed by the plaintiff, John Poullard ("Poullard"). See Record Document 181. For the reasons set forth below, Poullard's motion for partial summary judgment is **DENIED**.

## I. BACKGROUND

Poullard is an inmate currently confined at the David Wade Correctional Center at Homer, Louisiana. He alleges that prison physician Dr. Pam Hearn, ("Dr. Hearn"), did not respond appropriately to his medical complaints, causing him injury and exposing him to the risk of death.[1]

---

[1] Poullard complained of pain in the lower abdominal area and urination problems. He claims that he almost choked to death after vomiting in his cell due to a high fever caused by an infection associated with these symptoms.

1

Poullard filed this suit pursuant to 42 U.S.C. §1983 claiming that Dr. Hearn's response to his medical needs constituted deliberate indifference in violation of the Eighth Amendment. Poullard filed this motion for summary judgment alleging that contradictions in Dr. Hearn's responses to his requests for admissions prove that she was deliberately indifferent and that he is therefore entitled to a declaratory judgment on the issue. Dr. Hearn filed a memorandum in opposition to the motion asserting that there were no contradictions in her discovery responses. See Record Document 185. Poullard then filed a reply to response to the motion and later a supplemental reply to opposition to the motion, both restating the claims he made in the motion for partial summary judgment. See Record Documents 187 and 189.

## II. LAW AND ANALYSIS

**A.    Summary Judgment Standard.**

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). "Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient

2

to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Stahl v. Novartis Pharm. Corp., 283 F.3d 254, 263 (5th Cir. 2002). If the movant demonstrates the absence of a genuine issue of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004)(citations and quotations omitted).

Poullard bears the burden of proving his claims at trial. To prevail on a motion for summary judgment, he must establish evidence that would entitle him to a directed verdict. See Int'l Shortstop, Inc. v. Rally's, Inc., 939 F.2d 1257, 1264 (5th Cir. 1991); See also Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 146 (3d Cir. 1999). All facts and inferences are viewed in the light most favorable to the non-moving party, and all reasonable doubts are resolved in that party's favor. See Puckett v. Rufenacht, Bromagen & Hertz, Inc., 903 F.2d 1014, 1016 (5th Cir. 1990). If factual issues or conflicting inferences exist, the court is not to resolve them; rather, summary judgment must be denied. See id.

**B.    Deliberate Indifference.**

The Fifth Circuit has held that states owe a duty under the Eighth Amendment to provide convicted inmates with basic human needs, including medical care during

their confinement. See Hare v. City of Corinth, 74 F.3d 633, 650 (5th Cir. 1996). A state prison official is liable for a failure to act if the official had subjective knowledge of a substantial risk of serious harm to a detainee but responded with deliberate indifference to that risk. See id. The Fifth Circuit has stated that "deliberate indifference is an extremely high standard to meet." Domino v. Texas Dept. of Crim. Justice, 239 F.3d 752, 756 (5th Cir. 2001). "[A]n incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference," the court stated. Id. The plaintiff must prove that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." Id. In order for Poullard to succeed on this motion for partial summary judgment, he must meet this high standard of proving that Dr. Hearn exhibited deliberate indifference through her actions.

In his motion, Poullard alleges that Dr. Hearn's admissions prove that she acted with deliberate indifference to his serious medical needs and that he is therefore entitled to declaratory judgment on the issue. He claims that because Dr. Hearn's admissions are contradictory, this proves that she was deliberately indifferent. Poullard refers to page two of Dr. Hearn's admissions where she states that she did not prescribe any medication for Poullard on August 9, 2005 because

4

such medication could have masked his symptoms and affected the results of the urinalysis she planned to request from the LSU hospital laboratory the next day. See Record Document 181, Ex. 5. Poullard then refers to the admission where Dr. Hearn states that she prescribed two oral medications on August 10, 2005, before the sample was sent to the LSU laboratory. See id.

In her response, Dr. Hearn asserts that these statements are not contradictory. She argues that the admission to which Poullard refers clearly states that she planned to collect a urine specimen on August 10, 2005 and that she did not want the specimen affected by any medications. See Record Document 185. She then refers to the statement where she explains that she prescribed Poullard medication on August 10, 2005, *after* collecting the specimen. See id. Dr. Hearn argues that the admissions are not contradictory but rather support one another.

The court finds that Dr. Hearn's admissions are not contradictory as Poullard argues. The reason Dr. Hearn offers for not prescribing medicine to Poullard on August 9, 2005 is consistent with the reason she gives for her actions on August 10, 2005. Furthermore, these admissions provide a legitimate reason for Dr. Hearn's failure to prescribe Poullard medication on August 9, 2005, the action Poullard argues demonstrates deliberate indifference. Even if these responses were contradictory as Poullard asserts, this would not meet his burden of proving that no

reasonable question of fact exists as to whether Dr. Hearn acted with deliberate indifference. Dr. Hearn's decision to not prescribe Poullard medication on August 9, 2005 did not constitute deliberate indifference. Her decision was not only reasonable, but also necessary in order for her to make an appropriate medical diagnosis. Accordingly, Poullard's motion for partial summary judgment must be denied.

### III. CONCLUSION

Based on the foregoing analysis, Poullard's motion for partial summary judgment (Record Document 181) is **DENIED**.

A judgment consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 22nd day of September, 2006.



JUDGE TOM STAGG